IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00455-BNB

WENDEL (ROBERT) WARDELL, JR.,

    Applicant,

v.

ERIC D. WILSON, Warden,
ARISTEDES W. ZAVARAS, Executive Director DOC, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 0 6 2009

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING APPLICANT TO FILE SECOND AMENDED APPLICATION

---

Applicant, Wendel (Robert) Wardell, Jr., is a prisoner in the custody of the United States Bureau of Prisons at a federal prison in Pine Knot, Kentucky. Mr. Wardell initiated this action by filing *pro se* in the United States District Court for the Eastern District of Kentucky a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. In an order filed on March 3, 2009, the Eastern District of Kentucky transferred the action to this court because Mr. Wardell is challenging the validity of a 1994 conviction in the District Court of Larimer County, Colorado, in case number 94CR776.

On March 10, 2009, the court ordered Mr. Wardell to file an amended pleading on the proper habeas corpus form as required by the local rules of this court. On May 4, 2009, Mr. Wardell filed his Application on the proper form.

The court must construe the amended pleading liberally because Mr. Wardell is

not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Wardell will be ordered to file a second amended application if he wishes to pursue his claims in this action.

The court has reviewed the amended pleading and finds that it is deficient. The court notes initially that Mr. Wardell's first claim may not be raised in this action because that claim does not challenge the validity of Mr. Wardell's conviction or sentence. Instead, Mr. Wardell alleges in his first claim that the state has delayed inordinately the appointment of counsel and the adjudication of his claims in state postconviction proceedings. However, there is no federal constitutional right to postconviction review in the state courts. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). Therefore, a claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . . states no cognizable federal habeas claim." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that petitioner's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding").

Although Mr. Wardell's second claim may relate to the validity of his state criminal conviction, the second claim also is deficient because Mr. Wardell fails to allege clearly how his federal constitutional rights have been violated. Instead, Mr.

Wardell makes the conclusory allegation that his Sixth and Fourteenth Amendment rights have been violated and, in support of the second claim, he incorporates a state court postconviction motion that is attached to the amended application. However, Mr. Wardell does not specify which of the claims in the attached postconviction motion he is incorporating and asserting in this action. The court will not assume that Mr. Wardell is incorporating and asserting in this action each and every claim raised in the attached postconviction motion, in part because many of the claims in the attached postconviction motion are not supported with specific factual allegations.

Therefore, if Mr. Wardell wishes to pursue any claims in this action, he must file a second amended application in which he clarifies exactly what federal constitutional claims he is raising and in which he provides specific factual allegations in support of each asserted claim. Mr. Wardell is advised that, pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, he must "specify all [available] grounds for relief" and he must "state the facts supporting each ground." Furthermore, the habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). Naked allegations of constitutional violations are not cognizable under § 2254. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that Mr. Wardell file **within thirty (30) days from the date of this order** a second amended habeas corpus application that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Wardell, together

with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that, if Mr. Wardell fails within the time allowed to file a second amended application as directed, the action will be dismissed without further notice.

DATED May 6, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00455-BNB

Wendel Robert Wardell, Jr.
Prisoner No. 32096-013
US Penitentiary McCreary
P.O. Box 3000
Pine Knot, KY 42635

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form** to the above-named individuals on 5/6/09.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk